BANK OF FISHER v. A. J. ADAMS.[1]

January 30, 1903.

Nos. 13,301—(253).

**Promissory Note—Evidence.**

>   Evidence tending to establish the claim that plaintiff agreed, in consideration of a renewal of a note, to remit the amount of an alleged credit in favor of defendant to a third party, considered, and *held* to have been sufficiently supported to sustain the verdict, and that the refusal of the trial court to grant a new trial was not so palpably against the weight of evidence as to show abuse of discretion.

Action in the district court for Polk county to recover $354.65 and interest upon a promissory note. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $73.07 only. From an order denying a motion for judgment for the sum demanded notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*H. Steenerson* and *Charles Loring*, for appellant.

*A. A. Miller*, for respondent.

LOVELY, J.

Plaintiff, an incorporated state bank, brought suit to recover on a promissory note for $354.65, with interest at ten per cent. Defendant pleaded an offset. There was a recovery for plaintiff of $73.07. A motion for a new trial, or judgment in the alternative, was denied. From this order denying the motion the bank appeals.

It is substantially set forth in the answer that plaintiff, on March 26, 1897, held an overdue note of defendant for $330, which

---

[1] Reported in 93 N. W. 607.

had been given to a private bank to whose interest plaintiff had succeeded. At this time the plaintiff held for collection a land contract from defendant to one Mike Walsh, of Los Angeles, California. Defendant claimed that he had an amount on deposit in the bank; that it was agreed between the bank and himself that, if the former would remit the money then on deposit in his favor to Walsh, defendant would renew his past-due note, and give chattel mortgage security therefor; that the bank entered into such an agreement, received a renewal note for $354.65, but failed to make the remittance to Walsh, whereby defendant suffered damages in the amount to be remitted. This was denied in the reply. By the verdict the jury must have found that the agreement set forth in the answer was entered into between the parties, and that the amount for which plaintiff had a verdict was the difference between what defendant claimed to have on deposit and the amount due on the renewal note. The real question at the trial was whether the agreement as set forth in the answer was actually made. It was claimed by the bank that defendant had no sum on deposit, and that he had overdrawn his account in the sum of $295, and this arose upon evidence which established that a check of $800 given defendant by a third party had been previously credited to defendant. This check was dishonored, but it was an issue of fact whether the bank treated such credit as existing in favor of defendant. If it did, he would have had a balance of $348; if not, he would be owing the bank instead. At the time when the renewal note upon which suit was brought was given, there was evidence tending to show that the bank led him to believe by statements of its officers and its conduct that the amount last stated was to be treated as an asset in his favor; that it agreed, if he renewed the note for $330, that it would send this sum to Walsh, and upon this consideration defendant executed the note in suit, which he secured by a chattel mortgage. The cashier and president of the bank denied this agreement, and insisted that there was actually due to the bank by reason of advancements on the check for which defendant had had credit a substantial amount.

The evidence upon the question of liability of the bank on the

$800 check is of no further importance here than tending to establish the agreement to remit the sum claimed by defendant as a credit in his favor, and to show that it was improbable that the officers of the bank would have made the agreement for the remittance to Walsh as a consideration for the renewal note and mortgage. While it might appear doubtful that such an agreement would have been made, for the reason that it was against the interest of the bank, yet defendant testified to the fact, claiming that the credit was acknowledged in his favor, and upon the promise to remit that sum he made the note upon which suit was brought, and upon a critical review of the record we do not feel constrained to hold that the testimony to sustain the verdict was so overwhelmingly against the weight of evidence that we are required to say that it was an abuse of discretion on the part of the trial court to refuse a new trial.

We have carefully considered other objections complained of by appellant, and cannot hold that they were prejudicial, nor of sufficient importance to merit specific consideration.

Order affirmed.